Clancy *v.* Byrne.

[FIRST DEPARTMENT, GENERAL TERM, at New York, February 7, 1871. *Ingraham*, P. J., and *Geo. G. Barnard*, Justice.]

## CLANCY *vs.* BYRNE.

A pier, like any other public place, must be kept in repair; and if it is not, and damage ensues, the party whose duty it is to keep it in repair is liable for his negligence. But if persons using such pier know that it is unsafe for use, and with that knowledge use it, and sustain loss, the doctrine that one who contributes to an injury cannot recover damages for such injury, applies.

Where it appears, in such a case, from the plaintiff's own testimony, that he was aware that the pier was out of repair, and in a dangerous condition, and yet he directed his horse to be driven on to it, the question whether the plaintiff's own negligence contributed to an injury sustained by the horse should be submitted to the jury, with instructions that if it did, the plaintiff cannot recover.

THIS action was brought to recover the value of a horse, which was injured by falling through a pier, of which the defendant was lessee. It was tried at the circuit, before Justice SUTHERLAND and a jury. The following facts were established at the trial: The defendant took a lease, from one Rhinelander, of "the wharf property, in the city of New York, known as the 'Jay Street Basin,' comprising the north side of the pier, foot of Jay street, and the south side of the pier, foot of Harrison street, and the

bulkhead between said piers," for five years from the 1st of May, 1860. He was bound to make "all the ordinary repairs to the premises, such as replacing spring piles, patching the worn surfaces, &c., and was to be responsible for any and all damages or loss that should happen through default on his part." "In case any repairs of an extraordinary nature should be required, such as replanking or sheathing the whole surface, Rhinelander might cause them to be done without being liable for any reduction or deduction of rent." The surface of the pier was in a bad conditon. This fact was abundantly shown. Indeed, there was no dispute about it. The pier appeared to be safe on the surface, but it was rotten.

The plaintiff was a truckman, and owned several horses and trucks. He sent his man, with a horse and truck, down to this pier, about the middle of June, 1865, on business. The man had unloaded, and was driving off the pier. While passing where truckmen usually drive, the horse fell through the surface of the pier and broke his leg. It was rendered useless, and the plaintiff obtained a permit from the proper authorities to kill him. His value was proved to be about $350.

At the close of the plaintiff's testimony, the defendant moved to dismiss the complaint, on the following grounds: 1st. Because the plaintiff shows that he was guilty of negligence in going upon this pier when he knew it was in a dangerous condition. 2d. There is no proof that Rhinelander had any title to that pier, or was under any obligation to keep it in repair. 3d. That whatever obligations were assumed by Byrne, were simply to make ordinary patching repairs, and that the extraordinary repairing, such as replanking and resheathing, were to be made by the landlord. 4th. That the damage in this case resulted from an omission on the part of the landlord to replank and resheath. 5th. That the demise in this case extended to the south side, the vertical side of the pier,

Clancy *v.* Byrne.

and did not extend to the surface. 6th. That if the defendant's obligation to make ordinary repairs was violated, it was Rhinelander only that could maintain an action for the violation, and the plaintiff, not being privy to the covenants, cannot maintain an action.

The motion was denied, and the defendant's counsel excepted.

The jury rendered a verdict for the plaintiff for $351.62.

The court directed that the defendant have thirty days to make a case and exceptions, both to be heard in the first instance at the general term, and that all proceedings on the part of the plaintiff be stayed.

*John L. Hill,* for the plaintiff.

*Dayton & Todd,* for the defendant.

*By the Court,* INGRAHAM, P. J. In this case the plaintiff has recovered against the defendant damages for the loss of a horse by breaking through the planking on a pier, and thereby injuring the horse so that he was killed. Upon the trial, the plaintiff was examined as a witness, and testified that he had known the pier for eighteen years; that it was out of repair four or five years before the accident; that he considered it dangerous for a year before that time; that it was dangerous to go on it in certain places; that it was dangerous for a horse to go on it in some places; that the whole dock was in bad repair; that the spot where the horse broke through had not been patched, and appeared in a condition worn out, to a certain extent, but appeared safe to go over on that spot; that not any of the dock appeared in good condition, and he considered the most of the pier unsafe.

The defendant requested the court to charge the jury that if they found, from the evidence, that the pier was dangerous to drive over, and the plaintiff knew it, he

Clancy *v.* Byrne.

could not recover. This was refused, and the defendant excepted.

I do not see how, with this evidence from the plaintiff, the court could avoid submitting to the jury the question whether the plaintiff by his act contributed to the accident, and if he did, to instruct the jury that he could not recover. A pier, like any other public place, must be kept in repair, and if it is not, and damage ensues, the party who should keep it in repair is liable for his negligence; but if persons using such pier know that it is unsafe for use, and with that knowledge use it, and sustain loss, it seems clear that the doctrine, that one who contributes to an injury cannot recover for such injury, applies. It never could be held, that if the plaintiff had been told, at the time, that the pier would fall down if his horse went on it, and notwithstanding he persisted in driving on the pier, and it fell, he could recover for the injury. The same rule applies if it appears that the plaintiff knew it was unsafe and still used it.

The question of the plaintiff's negligence should have been submitted to the jury, and the learned justice erred in his refusal to do so.

The verdict should be set aside, and a new trial ordered; costs to abide the event.

[First Department, General Term, at New York, February 7, 1871. *Ingraham,* P. J., and *Cardozo* and *Geo. G. Barnard,* Justices.]