## CLANCY *vs.* BYRNE.

The defendant was the lessee of a pier. In the lease, he covenanted to make all ordinary repairs to the premises, such as replacing spring spiles, patching worn surfaces, &c. The landlord was to make repairs of an extraordinary nature—such as replanking or sheathing the whole surfaces of the pier &c. The defendant did not occupy the pier, himself, but relet it. In an action to recover damages for the loss of the plaintiff's horse, in consequence of an omission to repair, there was testimony to the effect that ordinary repairs would not suffice, but that the pier needed replanking and resheathing. The court charged the jury that it was the defendant's duty to comply with his covenant; and that he was liable, if at all, for not complying with it. That it was for the jury to say, on all the evidence, whether, if the worn surfaces had been patched—in other words whether, if he had complied with that covenant—the horse's foot would have gone through. That if he had complied with it, and the horse's foot would still have gone through, he was not responsible. *Held* that the charge fairly and plainly stated the correct rule, as to the liability of the defendant.

The defendant asked the court to charge the jury that if patching the worn surface would not have been proper, but it was necessary to make extraordinary repairs, such as replanking and resheathing, and in consequence of the omission to do so, the horse was injured, the plaintiff could not recover; also, that if ordinary repairs would not have been proper, the plaintiff could not recover. The court refused so to charge. *Held* that the charge, in substance, contained all that the defendant requested should be charged, though not in the identical language of the requests.

*Held, also,* that there was no doubt that if the injury to the horse occurred because of the want of that repair to the pier, which the defendant had agreed and was bound to make, he was liable for such injury.

That under the charge, the jury, in finding for the plaintiff, must have found that the injury resulted from the delinquency of the defendant; and that there was no reason for interfering with the verdict; it being sustained by sufficient evidence.

THIS is an appeal from a judgment entered upon a verdict for the plaintiff for $515, after a trial at the circuit.

The defendant leased, from the Rhinelander estate, the south side of pier No. 34, North river; and the action was for damages in consequence of the plaintiff's horse falling through the pier. In the lease, the defendant covenanted to make all ordinary repairs to the premises, such as replacing spring spiles, patching worn

surfaces, &c. The landlord was to make repairs of an extraordinary nature, such as replanking or sheathing the whole surfaces of the pier, &c. The defendant never occupied the pier, but relet the same to the Hudson Steamboat Company. There was testimony to the effect that ordinary repairs would not do, but that the pier needed replanking and resheathing. Before the charge of the judge was made the defendant asked the court to charge the jury, that if patching the worn surface would not have been proper, but it was necessary to make extraordinary repairs, such as replanking and resheathing, and in consequence of the omission so to do the horse was injured, that the plaintiff could not recover. The court refused so to charge, and the defendant excepted. The defendant also asked the court to charge the jury, that if ordinary repairs would not have been proper the plaintiff could not recover, and the court refused so to charge, and the defendant excepted. See same case on exceptions taken on a former trial. (58 *Barbour*, 449.)

*Ira Shafer*, for the appellant.

*John L. Hill*, for the respondent.

*By the Court*, FANCHER, J. If the defendant be liable in this case for the loss of the plaintiff's horse, it is upon the ground that he has not complied with his covenants in the lease. The learned judge at the circuit so charged the jury. His language was: " It was his [defendant's] duty to comply with that covenant, and he is liable, if at all, for not complying with it. It is for you to say, on all the evidence, whether if the worn surfaces had been patched ; in other words, whether if he had complied with that covenant, the horse's foot would have gone through. If he had complied with it and the horse's foot would still have gone through, he is not responsible."

This was fairly and plainly stating the correct rule as to the liabilty of the defendant. The jury were required. to find that the accident resulted from the defendant's neglect to make the ordinary repairs which the lease required him to make, before they could return a verdict for the plaintiff. The substance of the charge of the judge contained all that the defendant requested should be charged, though not in the identical language of the requests. There is no doubt that if the accident to the horse, occurred because of the want of that repair to the pier, which the defendant had agreed and was bound to make, he is liable for the injury which was thereby occasioned. (*Radway* v. *Briggs*, 37 *N. Y.* 258. *Clancy* v. *Byrne*, 58 *Barb.* 449.) Under the charge of the learned judge at the circuit, the jury must have found that the accident resulted from the delinquency of the defendant, and we do not discover any adequate reason for interfering with the verdict. It is sustained by sufficient evidence.

The judgment should be affirmed, with costs.

[FIRST DEPARTMENT, GENERAL TERM, at New York, May 5, 1873. *Ingraham* and *Fancher*, Justices.]